IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RINGERS TECHNOLOGIES LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4347 |
| | § | |
| GEORGE HARMER, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent inventorship case is before the Court on the Motion to Dismiss [Doc. # 30] filed by Plaintiff/Counterclaim Defendant Ringers Technologies LLC ("Ringers"), seeking dismissal of Counts XVI and XVIII of Defendant/Counterclaim Plaintiff George Harmer's Second Amended Counterclaims. Harmer filed a Response [Doc. # 33], and Ringers filed a Reply [Doc. # 34]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion to Dismiss.

## I. BACKGROUND

Harmer is a safety manager for an oil well servicing company. He alleges that he is "experienced and knowledgeable with respect to hazards and safety considerations relevant to the protection of and injury avoidance to the hands of

individuals working in the oil field." *See* Second Amended Counterclaims ("Counterclaim") [Doc. # 19], ¶ 8.

Harmer alleges that in 2013 he developed a new glove design that reduced the risk of hand injury. *See id.*, ¶ 9. Harmer alleges that in May 2014, he met with Ringers' National Accounts Manager regarding Harmer's new glove. *See id.*, ¶ 11. Harmer alleges that Ringers subsequently represented to third parties that it was working with Harmer to develop a new glove. *See id.*, ¶ 12.

Harmer alleges that, later in May 2014, Jim Bailey, the President of Ringers, corresponded with Harmer expressing an interest in Harmer's glove design. *See id.*, ¶ 13. Harmer and Ringers executed a Non-Disclosure Agreement ("NDA") on July 2, 2014. Thereafter, Harmer and Hardy Lim, Ringers' Research and Development Director, corresponded regarding Harmer's glove design. *See id.*, ¶ 15.

Harmer alleges that on August 8, 2014, Lim offered to fly Harmer to Texas for an in-person meeting regarding Harmer's glove design, and asked Harmer to bring "all documentations, drawings, prototypes, etc." that were relevant to the glove design so they could "review and discuss everything in detail." *See id.*, ¶ 16. Harmer traveled to Texas and met with Lim for several hours on August 21, 2014. *See id.*, ¶ 17. Harmer alleges that during the meeting, he "contributed his glove design knowledge, research, and ideas to help develop a redesigned glove for Ringers." *Id.*, ¶ 18.

Harmer alleges that Bailey "informed Harmer that Ringers would compensate Harmer if Ringers went forward with Harmer's glove design contributions provided during the development meeting between Harmer and Lim." *Id.*, ¶ 19.

In September 2014, Lim informed Harmer that Ringers would not pursue the glove design developed during the August 2014 meeting between Lim and Harmer. *See id.*, ¶ 20.

Harmer alleges that in early 2018, however, he "discovered that Ringers had released a new, modified glove design: the 075 R-Chem Impact glove" that includes one or more of the ideas that Harmer provided to Ringers during the August 2014 meeting. *See id.*, ¶¶ 21-22. Harmer later discovered that Ringers had applied for and obtained patents, listing Lim as the sole inventor, for gloves that Harmer alleges are based on the ideas he provided to Ringers. *See id.*, ¶ 25, ¶ 27.

Harmer asserts an inequitable conduct counterclaim (Claim XVI) based on Ringers failing to identify Harmer as an inventor on the patent applications. Harmer also asserts a fraud counterclaim (Claim XVIII) based on Ringers misrepresenting its interest in working with Harmer in order to induce Harmer to disclose to Ringers his knowledge, research, and ideas in connection with the new glove design. Ringers has moved to dismiss these two counterclaims. The Motion to Dismiss has been fully briefed and is ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *See Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).   When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."  *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  To satisfy the particularity

requirement of Rule 9(b), a plaintiff must "identify the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Employees' Ret. Sys. v. Whole Foods Mkt., Inc.*, 905 F.3d 892, 899 (5th Cir. 2018) (internal quotations and citation omitted). Although fraud must be alleged with particularity, it "may be pleaded without long or highly detailed particularity." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999); *Khan v. Wells Fargo Bank, N.A.*, 2014 WL 200492, *7 (S.D. Tex. Jan. 17, 2014).

## III.  ANALYSIS

### A.  Inequitable Conduct Counterclaim

The Federal Circuit has held that the pleading requirements of Rule 9(b) apply to inequitable conduct counterclaims. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Federal Circuit law, rather than the law of the regional circuit, applies when determining whether inequitable conduct has been adequately pleaded with particularity under Rule 9(b). *See id.* at 1326.

To state a claim of inequitable conduct, the counterplaintiff must allege (1) that the patent applicant made misrepresentations or omissions material to patentability, (2) that he did so with the specific intent to mislead or deceive the Patent and Trademark Office ("PTO"), and (3) that "deceptive intent was the single most

reasonable inference to be drawn from the evidence." *See Ohio Willow Wood Co. v. Alps S., LLC*, 813 F.3d 1350, 1357 (Fed. Cir. 2016).

Ringers argues that the inequitable conduct counterclaim should be dismissed because Harmer fails to allege materiality. The materiality element requires that the patentee "withheld or misrepresented information that, in the absence of the withholding or misrepresentation, would have prevented a patent claim from issuing." *Id*. Harmer alleges that Ringers failed to inform the PTO that Harmer was a co-inventor of the gloves for which Ringers filed patent applications allegedly based on Harmer's glove design.[1] *See* Counterclaim, ¶ 148. Harmer alleges that this omission was material because the PTO would have rejected the patent applications had it known that they listed incorrect or incomplete inventorship. *See id.*, ¶ 150. A patent application that provides incomplete or incorrect inventorship information, and does not correct the error, would likely be rejected. *See* Manual of Patent Examining Procedure § 2157. Harmer's allegation that Ringers failed to identify him as a co-inventor on the patent applications satisfies the materiality requirement for the inequitable conduct counterclaim.

---

[1]    The patent applications were approved and later issued as United States Design Patent Nos. D824,111, D809,714, D824,599, D843,064, and D944,254 (the "Patents-in-Suit").

Ringers presents evidence of prior art with similar glove design, and argues that the Court should take judicial notice of the submitted prior art. Ringers argues that the existence of the prior art precludes a finding that Harmer was a co-inventor of the gloves covered by the patent applications at issue and, therefore, the omission of Harmer as a listed co-inventor was not material. The Court notes, however, that the patent applications were approved over the prior art and the Patents-in-Suit were granted by the PTO. Moreover, on a Motion to Dismiss under Rule 12(b)(6), the well-pleaded allegations in the Complaint – or in this case in the Counterclaim – are presumed to be true. Harmer alleges specifically in the Counterclaim that he contributed in a definite and significant way to the conception of the glove design for which Ringers filed patent applications. *See* Counterclaim, ¶¶ 138-147. Harmer alleges that, notwithstanding his definite and significant contribution to the invention, Ringers through Lim failed to identify him as a co-inventor. *See id.*, ¶ 148. Harmer has adequately alleged the materiality element of the inequitable conduct counterclaim.

Ringers argues also that the inequitable conduct counterclaim should be dismissed because Harmer failed to plead knowledge or intent to deceive. "Knowledge" and "intent" may be averred generally under Rule 9(b), but the pleading must "allege sufficient underlying facts from which a court may reasonably infer that

a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. Harmer alleges that he provided glove design ideas to Ringers and, together with Lim, developed a new glove design that was later used by Ringers in the applications for the Patents-in-Suit. *See* Counterclaim, ¶ 18, ¶ 25. Harmer alleges that Ringers informed him that it would compensate him if Ringers "went forward with Harmer's glove design contributions provided during the development meeting between Harmer and Lim." *See id.*, ¶ 19. Harmer alleges that Ringers, through Lim, later omitted Harmer as an inventor on the applications for the Patents-in-Suit with the intent to deceive the PTO and cause it to issue the Patents-in-Suit listing Lim as the sole inventor and Ringers as the sole owner to the exclusion of Harmer. *See id.*, ¶ 149. These allegations adequately allege the knowledge and intent elements of the inequitable conduct counterclaim.[2]

Ringers argues that inequitable conduct cannot be found where the patentee offers a plausible, good faith explanation for why the nondisclosed information was

---

[2] Ringers challenges the inequitable conduct allegations regarding communications between Harmer's pre-suit counsel and Ringers' patent prosecution counsel, Jason P. Mueller, regarding Harmer's inventive contribution, arguing that Mueller did not have knowledge of Harmer's alleged contribution until after the patents issued. Harmer alleges, however, that Mueller "was aware of and failed to identify to the [PTO] Harmer as inventor on at least the applications which matured into" two of the Patents-in-Suit, "which both issued after Harmer's pre-suit counsel and Mueller first discussed Harmer's inventive contribution." *See* Counterclaim, ¶ 151. When deciding a Motion to Dismiss, the well-pleaded allegations are assumed to be true. *See Iqbal*, 556 U.S. at 679.

not cited to the PTO. *See* Motion to Dismiss, p. 16. Ringers argues also that a good faith decision not to name a person as an inventor "does not provide the basis for an inequitable conduct ruling." *See id.* at 18. When deciding a Motion to Dismiss, however, the focus is on the allegations in the Counterclaim, not on explanations the patentee may offer in its defense. As noted above, Harmer has adequately alleged the inequitable conduct counterclaim and, therefore, the Motion to Dismiss Count XVI is denied.

### B. <u>Fraud Counterclaim</u>

Under Texas law, the elements of a fraud claim are: (1) a material representation; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth or falsity; (4) the speaker made the representation intending the other party to act upon it; (5) the party acted in reliance on the representation; and (6) the party was thereby injured. *See Saenz v. Gomez*, 899 F.3d 384, 391 (5th Cir. 2018) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). Ringers argues that the fraud counterclaim should be dismissed because Harmer fails to allege fraudulent intent.

A promise to perform an act in the future is actionable fraud when made "with the intention, design and purpose of deceiving, and with no intention of performing

the act." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986); *Blue Gordon, C.V. v. Quicksilver Jet Sales, Inc.*, 444 F. App'x 1, 10 (5th Cir. June 30, 2011). In this case, Harmer alleges that in August 2014, Ringers (specifically Bailey and Lim) knowingly misrepresented to Harmer that Ringers was interested in a business relationship with Harmer and would compensate Harmer if Ringers used Harmer's glove design contributions. *See* Counterclaim, ¶ 19, ¶ 160. Harmer alleges that Ringers' representatives made the misrepresentation with "no intent to engage in a meaningful or compensatory relationship with Harmer." *See id.*, ¶ 161. The allegations in the Counterclaim, read together and construed in Harmer's favor, are that Ringers made misrepresentations of a future business relationship and potential compensation for Harmer, knowing at the time it made the misrepresentations that it did not intend ever to enter into a business relationship with Harmer or to compensate him for his glove design ideas, in order to induce him to reveal to Ringers his glove design knowledge, research, and ideas from which they could patent and market new gloves without sharing credit and profit with Harmer. Harmer has alleged that Ringers made a promise of future performance at a time it had no intention of performing as promised, and has alleged a plausible rationale for the misrepresentation. This adequately alleges the intent element of the fraud counterclaim and the Motion to Dismiss Claim XVIII is denied.

## IV.  CONCLUSION AND ORDER

Ringers adamantly denies that it used Harmer's glove design ideas to obtain the Patents-in-Suit.  The relevant inquiry at this stage, however, is whether Harmer has adequately alleged a factual basis for his inequitable conduct (Count XVI) and fraud (Count XVIII) counterclaims.  As discussed above, he has satisfied the pleading requirements of Rule 8 and Rule 9(b).  As a result, it is hereby

**ORDERED** that Ringers' Motion to Dismiss [Doc. # 30] is **DENIED**.  It is further

**ORDERED** that Ringers shall file its Answer to the Second Amended Counterclaims by **June 28, 2019**.

SIGNED at Houston, Texas, this **12th** day of **June, 2019**.


_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE