United States District Court
Southern District of Texas
**ENTERED**
February 13, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RINGERS TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4347 |
| | § | |
| GEORGE HARMER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's Motion for Partial Dismissal of Defendant's Third Amended Counterclaims and to Strike Third Affirmative Defense (Doc. 38). The court has considered the motion, the response, the reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED IN PART and DENIED AS MOOT IN PART.**

## I.  Case Background

On November 16, 2018, Plaintiff filed this declaratory action to determine the proper inventorship and/or ownership of two design patents and one design patent application pursuant to 35 U.S.C. § 256 and for a judgment that Plaintiff did not misappropriate Defendant's trade secrets.[2] The patents in suit relate to

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 55, Ord. Dated Dec. 4, 2019.

[2] See Doc. 1, Pl.'s Compl. p. 1.

improvements to industrial work gloves with impact protection.[3]

Defendant answered and filed counterclaims on February 15, 2019.[4] Defendant amended his answer and counterclaims on April 12, 2019, and April 19, 2019.[5] On June 12, 2019, the court issued a Memorandum and Order addressing Plaintiff's motion to dismiss two counts of Defendant's counterclaims, one of which sought a declaration of unenforceability due to inequitable conduct and the other of which asserted an affirmative claim of fraud.[6] The court denied Plaintiff's motion finding that Defendant adequately alleged both the materiality and the knowledge or intent-to-deceive elements of the inequitable-conduct counterclaim and adequately alleged the intent element of the fraud counterclaim.[7]

On August 2, 2019, Defendant amended his answer and counterclaims a third time.[8] Therein, Defendant alleged that Plaintiff expressed interest in Defendant's glove design ideas and flew Defendant to Texas for an in-person meeting with Hardy Lim

---

[3]   See id. p. 4; Doc. 1-1, Ex. 1 to Pl.'s Compl., Design Patent No. US D824,111 S; Doc. 1-2, Ex. 1 to Pl.'s Compl., Design Patent No. US D809,714 S; Doc. 1-3, Patent Application Publ'n No. US 2018/0049490 A1.

[4]   See Doc. 5, Def.'s Ans. Affirmative Defs., & Countercls.

[5]   See Doc. 17, Def.'s 1st Am. Ans., Affirmative Defs., & Countercls.; Doc. 19, Def.'s 2d Am. Ans., Affirmative Defs., & Countercls.

[6]   See Doc. 35, Mem. & Ord. Dated June 12, 2019.

[7]   See id. pp. 5-10.

[8]   See Doc. 37, 3d Am. Ans., Affirmative Defs., & Countercls.

("Lim"), Plaintiff's research and development director.[9] At that time, Plaintiff's president informed Defendant that Plaintiff would compensate Defendant if it included his contributions in future glove designs.[10] Lim subsequently notified Defendant that Plaintiff would not pursue the glove design developed during their meeting and that Plaintiff did not need to further collaborate with Defendant.[11] Approximately three years later, Defendant discovered a newly released glove design that included one or more ideas that Defendant had provided to Plaintiff.[12] Defendant subsequently discovered multiple patents and patent applications that incorporated Defendant's ideas but identified Lim as the sole inventor.[13]

In Defendant's pleading, he asserted three affirmative defenses and twenty counterclaim counts.[14] The third affirmative defense was invalidity.[15] Counterclaim count XVII sought a declaratory judgment that several patents were unenforceable due to inequitable conduct, in the alternative to other counts (essentially the same claim as the one the court previously

---

[9]  See id. pp. 11-12.

[10] See id. p. 12.

[11] See id.

[12] See id. pp. 12-13.

[13] See id. p. 14.

[14] See id. pp. 9, 15-34.

[15] See id. p. 9.

determined, in its June 2019 Memorandum and Order, to have been adequately alleged in Defendant's prior amendment). Counterclaim count XVIII sought a declaratory judgment that multiple patents were invalid, also in the alternative to other counts.[16]

Two weeks after the filing of Defendant's third amended answer and counterclaims, Plaintiff filed the pending motion for partial dismissal, seeking dismissal of counterclaim counts XIII, XIV, XV, and XVI for lack of subject matter jurisdiction or, alternatively, for failure to state a claim and dismissal of counterclaim counts XVII and XVIII and Defendant's third affirmative defense for lack of standing.[17] The parties completed the briefing on the motion in September 2019.[18] Since then, the case was reassigned and then referred to the undersigned.[19]

On January 27, 2020, Defendant filed an opposed motion for partial dismissal.[20] Therein, Defendant moved for dismissal with prejudice of counterclaim counts I, II, and VII-XVI.[21] Disputes remain between the parties regarding the details of the dismissal

---

[16] See id. pp. 29-32.

[17] See Doc. 38, Pl.'s Mot. for Partial Dismissal of Def.'s 3ᵈ Am. Countercls. & to Strike 3ᵈ Affirmative Def.

[18] See Doc. 44, Def.'s Resp. in Opp. to Pl.'s Mot. for Partial Dismissal of Def.'s 3ᵈ Am. Countercls. & to Strike 3ᵈ Affirmative Def.; Doc. 46, Pl.'s Reply in Support of its Mot. for Partial Dismissal of Def.'s 3ᵈ Am. Countercls. & to Strike 3ᵈ Affirmative Def.

[19] See Doc. 51, Not. of Reassignment; Doc. 55, Ord. Dated Dec. 4, 2019.

[20] See Doc. 64, Def.'s Opposed Mot. for Partial Dismissal.

[21] See id. p. 1.

of these claims; however, the parties agree that Defendant's requested dismissal of counterclaim counts XIII through XVI obviates the need for the court to address that portion of Plaintiff's motion for partial dismissal.[22] As the fate of those four counterclaim counts depends on issues raised in the parties' more recent briefing and not the earlier briefing on Plaintiff's motion, the court finds Plaintiff's motion for partial dismissal to be moot as to counterclaim counts XIII through XVI. The court now addresses the remainder of Plaintiff's motion, which argues that Defendant lacks standing to pursue his third affirmative defense and count XVIII, both regarding invalidity, and his count XVII regarding unenforceability.

## II. Dismissal Standards

Pursuant to the federal rules, dismissal of an action is appropriate at any time that the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting subject matter jurisdiction bears the burden of proof that jurisdiction does exist. Morris v. Thompson, 852 F.3d 416, 419 (5th Cir. 2017)(citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)).

A district court's jurisdiction is limited to actual cases or controversies. Lujan v. Defs. of Wildlife, 504 U.S. 555, 559

---

[22] See Doc. 65, Def.'s Not. Regarding Pl.'s Mot. for Partial Dismissal p. 1; Doc. 68, Pl.'s Resp. to Def.'s Mot. to Dismiss & Not. Regarding Pl.'s Mot. for Partial Dismissal p. 4.

(1992).  The case-or-controversy requirement applies equally to an action brought under the Declaratory Judgment Act.  See 28 U.S.C. § 2201(a); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, Inc., 549 U.S. at 127 (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  "This 'immediacy and reality' inquiry can be viewed through the lens of standing[,]" the elements of which are: "(1) an injury-in-fact . . . [;] (2) that is 'fairly traceable' to the defendant's conduct[;] and (3) redressable by a favorable decision."  Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1338 (Fed. Cir. 2008).

Federal Rule of Civil Procedure ("Rule") 12(f) grants courts the authority to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although generally disfavored, motions to strike are proper for defenses that, as a matter of law, are insufficient.  Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057-58 (5th Cir. 1982).  The trial court may use its discretion in deciding Rule 12(f) motions.  See Cambridge Toxicology Grp., Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir.

6

2007).

## III. Analysis

As applied to a declaratory action seeking a determination that a patent is invalid or unenforceable, an injury-in-fact traceable to the patentee that is sufficient to support standing can be met only by alleging "both (1) an affirmative act by the patentee related to the enforcement of [its] patent rights[;] and (2) meaningful preparation to conduct potentially infringing activity." Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office, 689 F.3d 1303, 1318 (Fed. Cir. 2012), rev'd in part on other grounds, (internal citations omitted)(citing Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 880 (Fed. Cir. 2008), & SanDisk Corp. v. STMicroelecs., Inc., 480 F.3d 1372, 1380-81 (Fed. Cir. 2007))(specifically addressing actions for declaratory judgment of non-infringement and/or invalidity); see also Allied Mineral Prods., Inc. v. Osmi, Inc., 870 F.3d 1337, 1341 (Fed. Cir. 2017)(internal citations omitted)(finding that, absent some affirmative act by the patentee, the plaintiff who sought declaratory judgment of noninfringement, invalidity, unenforceability due to inequitable conduct, and tortious interference did not have standing to seek declaratory relief).

Plaintiff argues that Defendant lacks standing because the allegations fail to suggest either that Plaintiff is seeking to enforce its patent rights or that Defendant has engaged in

7

meaningful preparation to infringe. Defendant does not challenge Plaintiff's presentation of the applicable legal standards (in fact, citing no legal authority at all) or allege either that Plaintiff has in any way threatened an infringement action or that Defendant has taken steps toward infringement. Rather, Defendant argues that Plaintiff has filed suit against Defendant "based on the same set of operative facts from which [Defendant] draws his unenforceability and invalidity counterclaims" and that the requested declaratory judgments would "provide him relief from [Plaintiff's] claims[;]" thus demonstrating the immediacy of the controversy.[23] But his argument is convoluted, suggesting that Plaintiff's position that Defendant's contributions were not inventive in response to Defendant's counterclaims somehow "introduce[d] issues of invalidity into this case."[24]

The court finds Defendant's arguments unavailing.[25] First, at the heart of this suit are requests for declaratory relief concerning the inventorship and/or ownership patents and concerning Defendant's allegation that Plaintiff misappropriated Defendant's trade secrets. The court finds nothing about these claims that

---

[23] Doc. 44, Def.'s Resp. in Opp. to Pl.'s Mot. for Partial Dismissal of Def.'s 3ᵈ Am. Countercls. & to Strike 3ᵈ Affirmative Def. p. 6.

[24] Id. p. 7.

[25] Defendant also cites to the court's prior decision that denied Plaintiff's motion to dismiss the unenforceability claim on other grounds. Subject matter jurisdiction was not raised in Plaintiff's prior motion for dismissal. The court is obligated to address its subject matter jurisdiction regardless of when it is raised. See Fed. R. Civ. P. 12(h)(3).

introduced issues of invalidity.  Second, Defendant's creative, if confusing, discourse cannot circumvent the legal requirements for establishing standing to assert a declaratory action seeking a determination that a patent is invalid or unenforceable.  Third, and most importantly, Defendant fails to point to any circumstances suggesting either the threat of an infringement action or any potentially infringing activity.

Defendant has failed to meet his burden of proving that he has standing to pursue the challenged declaratory requests on unenforceability and invalidity.  Absent standing to assert invalidity, Defendant's affirmative defense of invalidity is legally insufficient.

Plaintiff's motion for partial dismissal should be granted as to Defendant's counterclaim counts XVII and XVIII concerning unenforceability and invalidity.  Plaintiff's affirmative defense of invalidity should be stricken.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED IN PART and DENIED AS MOOT IN PART**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an

aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of February, 2020.

_____
Nancy K. Johnson
United States Magistrate Judge