United States District Court
Southern District of Texas
**ENTERED**
October 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RINGERS TECHNOLOGIES LLC, Plaintiff, | § § § § | CIVIL ACTION NO. 4:18-cv-04347 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| GEORGE HARMER, Defendant. | § § § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Before the Court is the Memorandum and Recommendation signed by Magistrate Judge Sam Sheldon on August 17, 2020. Dkt 114. He there recommended granting a motion by Defendant George Harmer for partial dismissal. See Dkt 64. He also recommended denying a motion by Harmer for sanctions for spoliation of evidence. See Dkt 88. The Magistrate Judge further recommended denying a motion for summary judgment by Plaintiff Ringers Technologies LLC as to inventorship, ownership, unenforceability, and invalidity. See Dkt 69. And he recommended granting a different motion for summary judgment by Ringers as to fraud, while denying summary judgment as to breach of contract. See Dkt 71.

Both Ringers and Harmer filed timely objections. Dkts 116, 117. Neither challenge the recommended grant of partial dismissal.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See

*Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

Harmer objects to the Memorandum and Recommendation insofar as it denies his motion for sanctions. Specifically, he objects to the conclusion that Ringers lacked the intent to deprive Harmer of the destroyed evidence. Such intent is required to impose the sanction Harmer seeks, being an adverse inference. Dkt 117 at 4–9.

Ringers objects to the Memorandum and Recommendation insofar as it denies its motions for summary judgment. It first objects to the conclusion that Harmer's evidence on his counterclaims for inventorship and ownership is sufficient to create a triable fact. Dkt 116 at 8–16. It also objects to the conclusion that a fact issue exists as to whether Ringers breached the at-issue nondisclosure agreement and whether Harmer proved damages. Id at 17–24.

The Court has reviewed the pleadings, the record, the applicable law, the objections, and the responses. The Court has also reviewed *de novo* the recommendations of the Magistrate Judge as to the motions for sanctions and summary judgment to the extent raised by their objections. The Court finds the objections of Ringers and Harmer equally to lack merit. No other clear error appears.

IT IS ORDERED:

The objections of Ringers and Harmer are OVERRULED. Dkts 116, 117.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 114.

The motion by Harmer for partial dismissal is GRANTED. Dkt 64.

The motion by Harmer for sanctions is DENIED. Dkt 88.

The motion by Ringers for summary judgment as to inventorship and ownership is DENIED. Dkt 69.

The motion by Ringers for summary judgment as to fraud is

GRANTED and as to breach of contract is DENIED. Dkt 71.

SO ORDERED.

Signed on October 30, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge