## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RINGERS TECHNOLOGIES LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 4:18-CV-4347** |
| | § | |
| **v.** | § | **D. Judge Charles R. Eskridge III** |
| | § | **Mag. Judge Sam S. Sheldon** |
| **GEORGE HARMER,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO DEFENDANT'S THIRD AMENDED COUNTERCLAIMS

Plaintiff Ringers Technologies LLC. ("Ringers") respectfully requests leave, pursuant Federal Rules of Civil Procedure 15(a)(2) and 16(b)(2), to file its First Amended Answer to Defendant's Third Amended Counterclaims. Plaintiff's First Amended Answer is filed herewith as Exhibit "A". Plaintiff urges that leave be granted as the amendment would neither delay the proceedings nor prejudice Defendant. Further, as shown below, Plaintiff demonstrates good cause for allowing the amendment, as Plaintiff's amended answer could not have been filed before the deadline in Scheduling Order due to no fault of Plaintiff, and Plaintiff otherwise sought leave without undue delay.

By way of its First Amended Answer, Plaintiff does not significantly change the issues presented in this suit; but rather, it expounds upon arguments to be made by Plaintiff at trial as to why: (i) the Nondisclosure

Agreement ("NDA") between the parties is unenforceable due to a lack of consent, lack of consideration, failure of consideration, lack of a condition precedent, and anticipatory breach by Harmer (*see* Exh. A, Defenses 7 and 8), and (ii) the expectation damages sought by Defendant for the alleged breach of the NDA are contrary to the terms of that agreement and unsupported by the applicable facts and law (*see* Exh. A, Defenses 22-24).

Notwithstanding Plaintiff's efforts to depose Defendant Harmer early in the case, the negotiated date of his deposition was Sept. 26, 2019, after the August 2, 2019 deadline to amend pleadings in the Scheduling Order.  D.I. 10-1, ¶7.

In addition, Harmer did not disclose any damages theory for the alleged breach of the NDA until October 17, 2019, the same day as the close of fact discovery, and likewise after the deadline to amend pleadings. At that time, Harmer <u>for the first time</u> alleged that his breach of contract damages are based on a reasonable royalty applied to Ringers's sales of various gloves. In addition, the damages period asserted by Harmer <u>is not</u> limited to the term of the NDA, which expired in August 2016, as discussed below. Rather, he alleges damages that extend beyond the trial to include a yet-to-be-determined lump sum of royalties for an <u>unidentified period of projected future sales</u>. D.I. 92-37, Harmer's Second Amended Initial Disclosures, pp. 11-12, emphasis added.

Further, Plaintiff's First Amended Answer is responsive to Harmer's Third Amended Counterclaims, which he filed on the deadline to amend pleadings. Most of the counterclaims therein were dismissed in connection with Ringers's motion to dismiss, as discussed further below. Thereafter, Ringers answer to Harmer's Third Amended Counterclaims was timely filed earlier this year, months after the deadline to amend pleadings, and at a time when Ringers had a pending motion for summary judgment that may have disposed of Harmer's breach of contract counterclaim.

Hence, good cause supports granting leave in this instance because: (i) Plaintiff's defenses in its First Amended Answer are based in part on Harmer deposition testimony taken after the Scheduling Order deadline to amend pleadings; (ii) the defenses respond to a damages model first disclosed by Harmer at the close of fact discovery, months after the deadline to amend pleadings; and (iii) the pleading is responsive to Harmer's Third Amended Counterclaims filed on the pleading amendment deadline, where Ringers's initial answer thereto was filed earlier this year.

## I.   Procedural Background

The parties completed discovery and are currently preparing a Joint Pretrial Order and the materials related thereto. While both parties requested a jury trial, a trial date is not currently set in this matter.

As referenced above, Plaintiff's First Amended Answer is responsive to Harmer's Third Amended Counterclaims, which were filed on August 2, 2019, the Scheduling Order deadline to amend pleadings. D.I. 37, pp.32-33. Initially, Ringers moved to dismiss several of those counterclaims. On February 3, 2020, Mag. Judge Johnson ruled on that motion, granting-in-part and denying-in-part as moot, because Harmer agreed to dismiss several of the challenged counterclaims while that motion was pending. D.I. 78. Thereafter, on February 27, 2020, Ringers answered Harmer's Third Amended Counterclaims. D.I. 92. Hence, the pleading the Ringers seeks leave to amend was timely filed several months after the Scheduling Order deadline to amend pleadings.

While the above-discussed motion to dismiss was pending, Ringers moved for summary judgment on Harmer's counterclaim for breach of the NDA, arguing that the damages sought by Harmer are speculative and contrary to applicable law. D.I. 71. This Court recently denied that motion on October 30, 2020, adopting the Magistrate Judge's report and recommendation.

## II.    Facts Pertinent to Harmer's Claim for Breach of the NDA.

Harmer's claim for breach of the NDA arises out of a single meeting that he had with Ringers in August 2014. Harmer is a safety manager, who works for an oilfield service company that a Ringers salesperson called upon in early 2014. After that meeting, Harmer solicited a meeting with Ringers through a

4

series of emails. Therein, Harmer misrepresented that he developed a glove design, that he was working with a manufacturer to bring that glove design to market, and the he had developed an injection molding process that would take 4-5 steps out of Ringers's process for manufacturing its gloves. *See* D.I. 71, pp. 7-8. Based on those misrepresentations, Ringers agreed to meet with Harmer in August 2014. *Id.* Shortly before that meeting, the parties signed the NDA at issue here.

During his deposition, Harmer admitted that he has no experience with injection molding. Indeed, at the time that he sent the above referenced emails to Ringers, Harmer had only heard about injection molding by watching television. He also admitted that he had not worked with any manufacturer to bring a glove to market. *Id.* In addition, in pre-suit correspondence, Harmer admitted that Ringers agreed to meet with him because Harmer represented that he developed an injection molding manufacturing process. *Id.*

The NDA expresses the intent of the parties at the time it was signed, which was "to discuss the formation of a business relationship," i.e., the "Business Purpose," for entering into that agreement. D.I. 37-2, NDA, "Background" section. That agreement also provides that the parties obligations thereunder terminated two (2) years after the disclosure of any Confidential Information (*id.* at ¶7), which, in this instance, means that it terminated in August 2016, two years after the parties met at Ringers. It also

provides that no license to any confidential information was granted by either party. *Id.* at ¶8. And further, it does not constitute a commitment by either party to acquire any products or services from the other, and it does not create a partnership or other business relationship between the parties. *Id.* at ¶10.

During this litigation and before, Harmer changed his position regarding what he allegedly disclosed to Ringers under the NDA – his alleged contribution to a Ringers glove design. D.I. 69, p. 6, and D.I. 69-6. Those changes continued to the end of fact discovery when he asserted different alleged contributions and disavowed prior positions under cross-examination during deposition. *Id.*

## III.   Argument

### A.   Good Cause Exists to Grant Leave Where Ringers Could Not Have Complied with the Scheduling Order Deadline Through No Fault of Its Own.

When the deadline to file a motion for leave to amend the pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). If the movant satisfies the requirements of Rule 16(b)(4), the court next determines whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give

leave when justice so requires." Rule 15(a)(2); *see S & W Enters.*, 315 F.3d at 536.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). Movant must show that, despite its diligence, it could not have reasonably met the scheduling deadline. *Id.* at 535.

In this instance, Ringers's First Amended Answer responds to Harmer's Third Amended Counterclaims, which was filed on the deadline to amend pleadings, as discussed above. Further, Ringers filed a successful motion to dismiss several of the Harmer's counterclaims.  Ringers then filed, earlier this year, its initial answer to the remaining counterclaims. Hence, it was not possible for Ringers to comply with the Scheduling Order deadline to amend pleadings due to amended counterclaims filed by Harmer on that deadline, many of which were found to be without merit.

The other Rule 16(b)(4) factors also support a finding of good cause. The amended defenses set forth in Ringers's First Amended Answer expound upon arguments to be made by Ringers at trial regarding the unenforceability of the NDA and the lack of factual or legal support for Harmer's expectation

damages. Hence, while the amendments do not substantially change the issues presented in this case, they nonetheless provide notice to Harmer of Ringer's defenses to his breach of contract claim so that he cannot claim surprise at trial. For similar reasons, Harmer is not prejudiced by the amended answer, as it does not change the nature of his breach of contract counterclaim; indeed, Plaintiff's First Amended Answer more likely benefits Harmer by providing notice and additional time for him to prepare to meet those defenses. Finally, this case is not currently set for trial, and given that the parties demanded a jury trial, it may be some time before an in-person jury trial can be held under the present circumstances. Hence, if Harmer demands additional discovery – even though none is warranted, there is ample time to complete it if granted.

**B.      Leave Should Also Be Granted Under The More Liberal Standard of Rule 15(a)(2).**

In deciding whether to grant leave to file an amended pleading under Rule 15(a)(2), the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In this instance, there was no undue delay. As discussed above, Ringers answer to Harmer's Third Amended Counterclaims was filed earlier this year, when Ringer's had a pending motion for summary judgment that

8

may have dispose of the Harmer's claim for breach of the NDA.  This Court denied that motion about two months ago. While Ringers could have filed a motion for leave while its motion for summary judgment was pending, it would have been a waste of judicial resources and a waste of the parties' resources, if the Court granted the pending motion for summary judgment. Hence, Ringers did not unduly delay filing the present motion. Similarly, there is no dilatory motive, as Ringers's First Amended Answer should not cause any change in the case schedule, in part, because Ringers does not assert additional claims therein, but rather expounds upon its defenses to Harmer's breach of contract counterclaim.  Finally, as discussed above, Harmer would not be prejudiced if leave is granted.

## IV.    Conclusion and Requested Relief

For the above reasons, Plaintiff has established good cause under Rule 16(b)(4) and met the more liberal standard of Rule 15(a)(2) for this Court to grant leave to file Plaintiff's First Amended Answer; hence, Plaintiff respectfully requests that such leave be granted.

Respectfully submitted,

_/s/Chris P. Perque_____
Chris P. Perque
ATTORNEY IN CHARGE
Texas Bar No. 24005828
Southern District ID No. 23235
FISHER BROYLES LLP

9

2925 Richmond Ave., Suite 1200
Houston, TX 77098
Tel: 832.604.4417
Fax: 832.377.5929
E-mail: chris.perque@fisherbroyles.com

Jason P. Mueller
Texas Bar No. 24117344
(admitted  *pro hac vice*)
FISHER BROYLES LLP
2925 Richmond Ave., Suite 1200
Houston, TX 77098
Tel: 504.388.4881
Fax: 832.377.5929
E-mail:jason.mueller@fisherbroyles.com

*Attorneys for Plaintiff/Counterclaim-*
*Defendant Ringers Technologies LLC*

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that he conferred via email with counsel for Harmer regarding the substance of this motion, and Harmer opposes the motion.

/s/ *Chris P. Perque*
Chris P. Perque


## CERTIFICATE REGARDING WORD COUNT

Pursuant to the Hon. Charles R. Eskridge III's Court Procedures, undersigned counsel certifies that the word count for the foregoing brief is less than 5000 words as determined using the Microsoft Word word processing application used to prepare the brief.

/s/ *Chris P. Perque*
Chris P. Perque

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of December 2020, the foregoing was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

/s/ *Chris P. Perque*
Chris P. Perque